# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MORRIS TUREK, | ) |
|     Plaintiff/Relator, | ) ) ) |
| VS. | )    NO. 10-CV-846-WDS |
| MCNEIL-PPC, INC., | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Relator Morris Turek filed this qui tam action for false patent marking under 35 U.S.C. § 292. Pending before the Court are defendant McNeil-PPC, Inc.'s motions to transfer the case to the District of New Jersey (Doc. 25), dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 30), and stay discovery (Doc. 50). The Court finds that relator has failed to meet the heightened pleading requirements of Rule 9(b) and hereby **GRANTS** defendant's motion to dismiss. This case is dismissed without prejudice. Given the dismissal, the Court **DENIES** without prejudice defendant's motion to transfer and **DENIES** the motion to stay discovery as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Relator claims that defendant McNeil-PPC, Inc., has falsely marked three unpatented articles with the word "patent" and with expired patent numbers to deceive its competitors and the public

into believing the articles are patented. He avers that defendant makes and sells "o.b." brand tampons and that certain packages of those tampons sold in 2010 were falsely marked with expired patent numbers (Doc. 2, ¶¶ 8–13, 19–21). Relator also states, on information and belief, that defendant has decided to mark the packages with the expired patent numbers each time it printed the packages and that defendant knew or reasonably should have known that the patents had expired (Doc. 2, ¶¶ 22–24). Defendant, relator says, is "a sophisticated business entity with extensive experience obtaining patents" and the owner of many patents (Doc. 2, ¶ 17). Defendant has even been a party to several lawsuits involving patents, including another false-patent-marking case (Doc. 2, ¶ 18). Therefore, relator concludes that defendant had the "purpose of deceiving the public" when it falsely marked the packages (Doc. 2, ¶ 25). Relator seeks injunctive relief, fines, an accounting, damages, attorney's fees, and costs (Doc. 2, p. 5).

Defendant moves to dismiss relator's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant claims that the complaint fails to plead facts sufficient under Rule 8(a) for false patent marking because relator has stated no facts that would show defendant had an intent to deceive (Doc. 30, p. 6). Defendant also argues that the complaint fails to meet the heightened pleading requirements of Rule 9(b) for claims of fraud (Doc. 30, p. 7).

In addition, defendant moves to transfer venue pursuant to 28 U.S.C. § 1404(a) because New Jersey is where the conduct at issue took place and where witnesses and other sources of proof are located (Doc. 25, p. 6). Further, neither party is located in this district. Relator is a resident of St. Louis, Missouri, and defendant is both incorporated and maintains its principal place of business in New Jersey (Doc. 25, p. 7).

## ANALYSIS

The false marking statute provides, in relevant part:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; . . . [s]hall be fined not more than $500 for every such offense.
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292(a)-(b). The Federal Circuit has recently held that Rule 9(b)'s particularity requirement applies to false marking claims brought under § 292. *In re BP Lubricants USA Inc.*, 2011 WL 873147, at *1 (Fed. Cir. March 15, 2011). The court held that, under Rule 9(b), "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id.*

To satisfy Rule 9(b), although knowledge and intent may be averred generally and a plaintiff may plead upon information and belief, the complaint must contain sufficient underlying facts from which a court may reasonably infer that the defendant acted with the requisite state of mind. *Id.* at *3 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). To allege the requisite intent to deceive in the § 292 context, the complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* (citing *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (Proof that the party making a misrepresentation had knowledge of its falsity "is enough to warrant drawing the inference that there was a fraudulent intent.")).

Regarding a rebuttable presumption of intent to deceive recognized by the Federal Circuit

3

in *Pequignot v. Solo Cup Co.*, 608 F.3d 1365 (Fed. Cir. 2010), the court in *BP Lubricants* found:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, "[t]he bar for proving deceptive intent [in false marking cases] is particularly high," requiring that relator show "a purpose of deceit, rather than simply knowledge that a statement is false." That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

*In re BP Lubricants*, 2011 WL 873147, at *4 (quoting *Pequignot*, 608 F.3d at 1363). A complaint that provides "only generalized allegations rather than specific underlying facts from which [the court can] reasonably infer the requisite intent, . . ." fails to meet the requirements of Rule 9(b). *Id.* at *3. "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *Id.* at *2.

Comparing relator's allegations in this complaint to those rejected as insufficient in *BP Lubricants*, the Court **FINDS** that relator's allegations provide no more specificity. In *BP Lubricants*, the relator pled that defendant BP continued to mark its product with expired patent numbers; that upon information and belief, BP knew or should have known that patent had expired; that BP was a sophisticated company with experience applying for, obtaining, and litigating patents; and that BP marked the products with the expired numbers for the purpose of deceiving the public and competitors. *Id.* at *1. These statements are nearly identical to those made here. Relator's allegations that defendant is "a sophisticated business entity with extensive experience obtaining patents" and that defendant has been a party to other lawsuits involving patents are restatements of the general allegation that defendant knew or should have known that the patents expired. The

complaint does not contain specific underlying facts from which the Court can reasonably infer the requisite intent to deceive. Accordingly, the complaint must be dismissed without prejudice to relator filing an amended complaint in accordance with the pleading requirements of Rule 9(b) outlined by the Federal Circuit in *BP Lubricants*.

Because relator is granted leave to replead, the Court declines to address defendant's venue motion. The motion is denied without prejudice to refiling after relator's amended complaint is filed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED** (Doc. 30). Relator is given leave to file an amended complaint on or before **May 31, 2011**. Defendant's motion to transfer venue is **DENIED without prejudice** to refiling after relator amends his complaint (Doc. 25). Defendant's motion to stay discovery is **DENIED** as moot (Doc. 50).

**IT IS SO ORDERED.**

**DATED: April 29, 2011**

                                              **/s/ WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**